THIS OFFICE HAS RECEIVED A COPY OF YOUR LETTER DATED SEPTEMBER 2, 1988, RELAYING A QUESTION FROM THE MAYOR OF OKEMAH, OKLAHOMA CONCERNING THE ABILITY OF THE CITY COUNCIL OF THAT COMMUNITY TO AMEND THE CHARTER OF A TRUST WHICH APPARENTLY NAMES THE CITY AS ITS BENEFICIARY. THIS COPY WAS TRANSMITTED TO US BY YOUR SECRETARY ON MARCH 8, 1989, AND WE HAVE NO RECORD OF EVER HAVING RECEIVED THE ORIGINAL LETTER.
THE ULTIMATE RESOLUTION OF THE QUESTION POSED IS ONE THAT COULD ONLY TO BE MADE AFTER A COMPREHENSIVE REVIEW OF THE TRUST FORMATION DOCUMENTS, THEMSELVES. ACCORDINGLY, WE CANNOT RESPOND SUBSTANTIVELY TO YOUR QUESTION, AS THIS OFFICE IS FORBIDDEN BY LAW TO RENDER LEGAL ADVICE TO MUNICIPALITIES BASED UPON SOME PARTICULAR FACTUAL ISSUE AT HAND. HOWEVER, IN THIS SAME VEIN, I AM NOT AWARE OF ANY PER SE RIGHT OF A BENEFICIARY TO A TRUST AGREEMENT TO AMEND THE TERMS OF THE TRUST INDENTURE. SUCH A FUNCTION ORDINARILY WOULD BE A PREROGATIVE OF THE TRUSTEES, NOT THE BENEFICIARY, ALTHOUGH THERE CERTAINLY MIGHT BE INSTANCES WHEREIN THE BENEFICIARY COULD SEEK BINDING INSTRUCTIONS FROM A DISTRICT COURT AS TO SOME ASPECT OF THE TRUST OBLIGATIONS.
ALL I CAN DO IS TO SUGGEST THAT THE CITY NEEDS TO HAVE THE PARTICULAR SITUATION CONFRONTING IT REVIEWED FACTUALLY BY THEIR MUNICIPAL LEGAL COUNSEL, AND THEN TO PROCEED AFTER GOING OVER HIS OR HER ADVICE ON THE MATTER. I AM SORRY THAT WE CANNOT BE OF MORE ASSISTANCE, BUT OUR ABILITY TO INTRUDE INTO THESE KIND OF FACTUAL MATTERS IS QUITE CONSTRAINED BY THE LAWS PASSED BY THE LEGISLATURE GOVERNING THIS OFFICE. IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER, PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE.
(MICHAEL SCOTT FERN)